| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF SHERBURNE | TENTH JUDICIAL DISTRICT |
| | CASE TYPE: _____ |

| | |
|---|---|
| Matthew Rydberg, | Court File No.: _____ |
| | Judge: _____ |
| Plaintiff, | |
| vs. | |
| | SUMMONS |
| Encompass Indemnity Company, | |
| Defendant. | |

THIS SUMMONS IS DIRECTED TO: The above-named Defendant.

    1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Hellmuth & Johnson, PLLC, 8050 West 78th Street, Edina, Minnesota 55439.

    3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

**EXHIBIT A**

5.  **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.  **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: My 20, 2015

Hellmuth & Johnson, PLLC

Edward E. Beckmann, ID #29309X
8050 W. 78th Street
Edina, MN 55439
(952) 460-9226
ebeckmann@hjlawfirm.com

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

I hereby acknowledge that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

Edward E. Beckmann, ID #29309X

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF SHERBURNE | TENTH JUDICIAL DISTRICT |
| | CASE TYPE: _____ |

| | |
|---|---|
| Matthew Rydberg, | Court File No.: _____ |
|     Plaintiff, | Judge: _____ |
| vs. | |
| Encompass Indemnity Company, | COMPLAINT |
|     Defendant. | |

Plaintiff Matthew Rydberg ("Rydberg"), as and for his Complaint against Encompass Indemnity Company ("Encompass"), states as follows:

## THE PARTIES

1. Plaintiff Rydberg holds property located at 18527 Queen Street NW, Elk River, Minnesota 55330-2712.

2. Encompass is, upon information and belief, at all times relevant to the claims herein a corporation organized and existing under the laws of the State of Illinois and with a registered office address at the Department of Commerce of 3075 Sanders Road, Suite H1e, Northbrook, IL 60662-7127.

## FACTS

3. On or about May 31, 2013, a large wind and hail storm damaged property held by Rydberg.

1

4. As of May 31, 2013, the property was insured by Encompass pursuant to the policy numbered 0281543408. This policy insures, among other things, property losses due to storm damage.

5. Rydberg timely paid all premiums.

6. Encompass has failed to issue payment pursuant to Rydberg's demands.

7. Encompass has not been willing to appraise this loss pursuant to Minn. Stat. § 65A.01 subd. 3 and its policy.

8. The appraisal clause is set forth in Encompass's policy as a benefit.

## COUNT I
### Declaratory Judgment

9. Pursuant to the Minnesota Declaratory Judgment Act Minn. Stat. § 555.01 et seq., an adjudicable controversy exists between Encompass and Rydberg with respect to Encompass's policy and application of Minn. Stat. § 65A.01 subd. 3. Specifically, Rydberg is entitled to an appraisal proceeding pursuant to said policy and the insurer's participation in same. Encompass has not been willing to cooperate in adjusting the claim, and thus appraise the matter.

10. Rydberg petitions this court to declare that Encompass failed to abide by the express terms of its policy and Minn. Stat. § 65A.01 subd. 3 when it failed to appoint an appraiser within twenty (20) days of a demand by Rydberg.

11. Rydberg petitions this court to deny Encompass the right to appoint an appraiser or have any appraiser in this matter, or in the alternative, that the court appoint an appraiser for Encompass.

12. That the court retain jurisdiction of this matter pending the outcome of appraisal for enforcement of the appraisal award.

## COUNT II
### Breach of Contract

13. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

14. Rydberg and Encompass entered into a valid enforceable contract whereby Encompass agreed to provide certain policy benefits.

15. One policy benefit is the appraisal process, which is intended to be a plain, speedy, inexpensive and just determination in the extent of a loss.

16. Encompass has failed to nominate an appraiser within the twenty (20) day deadline to appoint an appraiser, a breach of an express provision in Encompass's policy.

17. Encompass has failed to appoint an appraiser contrary to the express terms of its policy.

18. As a direct and proximate result of Encompass's failure to appoint an appraiser, Rydberg is entitled to relief in the form of denying Encompass the right to an appraiser, or in the alternative, for the court to appoint an appraiser without the recommendation or input of Encompass.

## COUNT III
### Violation of Minn. Stat. § 65A.01

19. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

20. Encompass and Rydberg entered into a valid enforceable contract governed by Minn. Stat. § 65A.01 subd. 3.

21. One policy benefit mandated by Minn. Stat. § 65A.01 subd. 3 is the appraisal process, which is intended to be a plain, speedy, inexpensive and just determination in the extent of a loss.

22. Encompass has failed to nominate an appraiser within the twenty (20) day deadline to appoint an appraiser mandated by Minn. Stat. § 65A.01 subd. 3 which is to be included within the terms of every Minnesota property insurance policy.

23. Encompass's failure to appoint an appraiser is an express violation of Minn. Stat. § 65A.01 subd. 3 and Minn. Stat. § 65A.13.

24. As a direct and proximate result of Encompass's failure to appoint an appraiser, Rydberg is entitled to relief in the form of denying Encompass the right to an appraiser, or in the alternative, for the court to appoint an appraiser without the recommendation or input of Encompass.

WHEREFORE, Rydberg prays for the following relief:

A. An Order denying Encompass the right to an appraiser for the appraisal proceeding, and that it continue with an appraiser nominated by Rydberg and a neutral umpire to be appointed by said appraiser;
B. In the alternative, that the Court appoint an appraiser for Encompass without the input or recommendation of Encompass.
C. That the Court retain jurisdiction of this matter and that it enforce any appraisal award from the appraisal panel so constituted.
D. Costs, disbursements and pre-imposed judgment interest.
E. For other such relief that the Court may deem just and equitable.

Dated: *May 26*, 2015

Hellmuth & Johnson, PLLC

_____
Edward E. Beckmann, ID #29309X
8050 W. 78th Street
Edina, MN 55439
(952) 460-9226
ebeckmann@hjlawfirm.com

*Attorneys for Plaintiff*

## ACKNOWLEDGMENT

I hereby acknowledge that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, to the party against whom the allegations in this pleading are asserted.

_____
Edward E. Beckmann, ID #29309X

5

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF SHERBURNE | TENTH JUDICIAL DISTRICT |
| | CASE TYPE: _____ |

| Matthew Rydberg, | Court File No. |
|---|---|
| Plaintiff, | |
| | **AFFIDAVIT OF SERVICE** |
| vs. | |
| Encompass Indemnity Company, | |
| Defendant. | |

STATE OF MINNESOTA  )
                                        ) ss.
COUNTY OF HENNEPIN )

     Crystal Truman of the City of Glencoe, County of McLeod, in the State of Minnesota, being duly sworn, states that on May 26, 2015, she served the following:

**SUMMONS AND COMPLAINT**

at the following address:

Minnesota Department of Commerce
85 East 7th Place, Suite 500
St. Paul MN 55101

via certified mail by mailing a copy thereof, enclosed in an envelope, postage prepaid, and by depositing the same in the post office at Edina, Minnesota, directed to said person, at the address given above.

Dated: May 26, 2015

                                            Crystal Truman

Subscribed and sworn to before me
this 26th day of May, 2015.

_____
      Notary Public

JAMIE L. BUROD
Notary Public
Minnesota
My Commission Expires January 31, 2016

STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF SHERBURNE       TENTH JUDICIAL DISTRICT

CASE TYPE: _____

---

Matthew Rydberg,                       Court File No.

       Plaintiff,

                                       **AFFIDAVIT OF SERVICE**

vs.

Encompass Indemnity Company,

       Defendant.

---

STATE OF MINNESOTA    )
                              ) ss.
COUNTY OF HENNEPIN    )

Crystal Truman of the City of Glencoe, County of McLeod, in the State of Minnesota, being duly sworn, states that on May 26, 2015, she served the following:

1. **SUMMONS AND COMPLAINT; and**
2. **AFFIDAVIT OF SERVICE ON MINNESOTA DEPARTMENT OF COMMERCE.**

at the following address:

Encompass Indemnity Company
3075 Sanders Road, Suite H1e
Northbrook, IL 60062-7127

via certified mail by mailing a copy thereof, enclosed in an envelope, postage prepaid, and by depositing the same in the post office at Edina, Minnesota, directed to said person, at the address given above.

Dated: May 26, 2015

                                               Crystal Truman

Subscribed and sworn to before me
this 26th day of May, 2015.

_____
Notary Public

JAMIE L. BURUD
Notary Public
Minnesota
My Commission Expires January 31, 2016